IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUANITA TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-00902-DGK ) |
| MAXIMUS, INC. | ) ) |
| Defendant. | ) ) |

### ORDER RULING ON MOTIONS *IN LIMINE*

This is an employment discrimination case. Following the Court's summary judgment ruling, Plaintiff Juanita Tucker sole remaining claim is that Defendant Maximus, Inc. ("Maximus") unlawfully retaliated against her for reporting sexual harassment in violation of Title VII.

Now before the Court are the parties' motions in limine. ECF Nos. 80, 85. For the following reasons, the motions are GRANTED IN PART.

### Maximus' Motions *In Limine*

Plaintiff has not filed a response to Maximus' motion, which is not surprising since most of the motion concern boilerplate requests; for example, requesting the Court exclude all references to the size of Maximus' counsels' law firm, evidence or reference to Plaintiff's financial state, etc. Some of the other requests concern substantive issues to which Plaintiff does not object; for example, that because she was hired for a set period of time she is only entitled to back pay from November 1, 2019, to April 2020.

Even though Plaintiff has not filed a response to Maximus' motion, however, the Court takes one of Maximus' requests—to bar Plaintiff from introducing any evidence documenting Plaintiff's performance records—under advisement. Maximus argues this evidence is irrelevant,

or alternately, that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time at trial.

It appears to the Court such evidence could potentially be relevant and admissible. Accordingly, this portion of the motion is taken under advisement.

## Maximus' Motions *In Limine*

**1.     Plaintiff's request to exclude opinion testimony is granted in part.**

Since neither party has designated any expert witnesses, all *expert* witness testimony is excluded. As Maximus observes, however, opinions from lay witnesses offered pursuant to Rule 701 are potentially admissible. Accordingly, this portion of the motion is denied.

**2.     Evidence concerning Plaintiff's prior misdemeanor convictions is excluded.**

Plaintiff seeks to exclude evidence of her prior criminal convictions, all of which appear to be misdemeanors which occurred more than ten years ago, but two of which concern crimes of dishonesty. Plaintiff was convicted on or around 1998 in Clay County, Missouri, for shoplifting and forgery (Plaintiff forged a letter to give to a judge which was purportedly from an insurance company telling the judge she had made payment arrangements with it). She also has a 1999 conviction from Johnson County, Kansas, for forging a check. The underlying behavior for these convictions occurred in the mid to late 1990s, when Plaintiff was in her early twenties.

Defendant argues the Court should use its discretion under Rule 609(b) to admit evidence of these convictions, arguing they are relevant to Plaintiff's propensity to tell the truth and to her credibility as a witness.

While these convictions are relevant to Plaintiff's propensity to tell the truth and to her credibility as a witness more than two decades ago, so much time has passed since then that these conviction are not reliable indicators of her propensity to tell the truth now. As best the Court can

tell, she has not been arrested, much less convicted, of a crime in more than twenty years. Hence, the Court holds the probative value of this evidence does not outweigh its prejudicial effect.

All evidence of Plaintiff's prior criminal convictions is excluded.

**3.     Evidence concerning Plaintiff's prior discrimination lawsuit against another employer is excluded.**

Plaintiff also seeks to exclude evidence concerning an employment discrimination lawsuit Plaintiff brought in 2016 against a former employer, CVS/Caremark. Maximus argues the allegations in the prior lawsuit mirror those in this lawsuit, so the prior lawsuit should be admissible to show Plaintiff's "habit" under Rule 406. In support, Defendant cites several cases where evidence of prior lawsuits was admitted to prove motive, intent, preparation, or modus operandi.

As a threshold matter, this is a misapplication of Rule 406 which applies to something done so often it has become routine, hence why the rule is titled "Habit; Routine Practice." Rule 406 states: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." The rule is typically used to establish an inference that a person did something, like drove a particular route on the way to work on a given day, because that person has been driving that same route on the way to work for years and years. The fact that Plaintiff filed a discrimination lawsuit against one prior employer in 2016 does not establish that Plaintiff has a habit of suing employers for discrimination.

If anything, this evidence should be excluded under Rule 403 because any probative value this evidence has would be substantially outweighed by the danger of unfair prejudice and undue delay, since allowing Maximus to introduce this evidence would almost inevitably result in a mini-trial concerning the 2016 lawsuit.

3

Case 4:20-cv-00902-DGK   Document 102   Filed 08/09/22   Page 3 of 5

This evidence is excluded.

4. **Evidence of non-discrimination against non-parties, including opinions of non-discrimination, is excluded.**

Plaintiff moves to exclude evidence of non-discrimination against non-parties, including opinions of non-discrimination. Maximus argues that if Plaintiff seeks to create an inference of intentional discrimination through comparator evidence, it should be permitted to rebut that presumption through its own comparator evidence. That is, it should be permitted to offer evidence that it did not discriminate against other individuals in the same protected categories. For example, it could call another African-American employee to testify that she was never discriminated against on the basis of her race.

Since the Court's summary judgment ruling eliminates all of the Plaintiff's claims except her retaliation claim, and it does not appear that Plaintiff has any comparator evidence to offer with respect to her retaliation claim, this portion of the motion is moot.

5. **Evidence or allegations concerning dismissed claims or pertaining to a dismissed party (TriWest) is excluded.**

Plaintiff moves to exclude evidence or allegations that the Court dismissed any of Plaintiff's claims or dismissed other parties. Maximus opposes this motion on the grounds that the jury should be permitted to hear that Plaintiff believes her discharge was motivated by discriminatory animus based on virtually any legal theory available.

This evidence is excluded because allowing the parties to present evidence or allegations relating to claims dismissed at the summary judgment stage defeats the purpose of summary judgment. If Maximus wanted the jury to hear this evidence, it should not have moved for summary judgment on these other claims. Additionally, any marginal benefit in the juror hearing such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of

4

the issues, misleading the jury, undue delay, and wasting time.

**6.      Evidence or references to settlement discussions, mediations, offers, and demands is excluded.**

Maximus does not oppose Plaintiff's motion in limine No. 6.

**IT IS SO ORDERED.**

Date:  August 9, 2022                            /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT